## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

FILED 19 OCT '18 14:28 USDC-ORP

| | | |
|---|---|---|
| MICHELE BRYCE, | : | JURY TRIAL DEMANDED |
| Plaintiff, | : | |
| V. | : | CASE NO.  3:18-cv-01852-MO |
| CHOICE HOTELS INTERNATIONAL, | : | |
| BAMCO, INC., | | |
| BARON CAPITAL GROUP, INC., | : | |
| BARON CAPITAL MNGT, INC., | | |
| SUNBURST HOSPITALITY CORP, | | |
| BARBARA T. ALEXANDER, | : | |
| BARBARA J BAINUM, | | |
| STEWART BAINUM JR, | : | |
| RONALD STEPHEN BARON, | | |
| WILLIAM L. JEWS, | : | |
| MONTE JM KOCHE, | | |
| LIZA LANDSMAN, | : | |
| PATRICK PACIOUS, | : | |
| SCOTT ARNOLD RENSCHLER, | : | |
| ERVIN R SHAMES, | | |
| JOHN P TAGUE, | : | |
| Defendants. | : | |

## COMPLAINT AND REQUEST FOR INJUCTIVE RELEIF

Plaintiff, MICHELE BRYCE, for this complaint against Defendants CHOICE

HOTELS INTERNATIONAL, BAMCO, INC., BARON CAPITAL GROUP, INC,

BARON CAPITAL MNGMT, INC., SUNBURST HOSPITALITY CORPORATION,

BARBARA T. ALEXANDER, BARBARA J BAINUM, STEWART BAINUM JR,

RONALD STEPHEN BARON, WILLIAM L. JEWS, MONTE JM KOCHE, LIZA

LANDSMAN, PATRICK PACIOUS,SCOTT ARNOLD RENSCHLER, ERVIN R

SHAMES, JOHN P TAGUE, states as follows:

1.  This action is brought against the Defendants pursuant to Kari's Law Act of 2017,

    18 USC § 1201, 47 USC § 623 and 18 USC § 113 to restrain and enjoin

    Defendants from risking the lives of the public, children, mothers, the elderly,

    through complete depraved indifference to their well-being, by illegally not

    providing access to 911 operators for emergency and, further, heinously and

    cruelly refusing to assist with making any necessary emergency calls and further,

    holding citizens captive against their will, as Defendants did with Plaintiff.

### Jurisdiction and Venue

2.  Jurisdiction is conferred on this court pursuant to 28 U.S. Code § 1332(a)(1).

3.  Venue is proper in this district under 28 U.S.C. § 1391.

4.  Plaintiff is a resident of Oregon and is *sui juris*.

5.  Defendant Choice Hotels International, is registered in the state of Maryland.

6.  Defendant Bamco, Inc., d/b/a Choice Hotels International, is registered in the

    state of New York.

7.  Defendant Baron Capital Group, Inc. d/b/a Choice Hotels International, is

    registered in the state of New York.

8.  Defendant Baron Capital Management, Inc, d/b/a Choice Hotels International, is

    registered in the state of New York.

9.  Defendant Sunburst Hospitality Corporation d/b/a Choice Hotels International, is

    registered in the state of Maryland.

10. Defendant Barbara T Alexander d/b/a Choice Hotels International, owner and

    director, registered in the state of Maryland.

11. Defendant Barbara J Bainum d/b/a Choice Hotels International, owner, registered

    in the state of Maryland.

12. Defendant Stewart Bainum Jr d/b/a Choice Hotels International, owner and chairman, registered in the state of Maryland.

13. Defendant Ronald Stephen Baron d/b/a Choice Hotels International, owner, registered in the state of New York.

14. Defendant William L Jews d/b/a Choice Hotels International, owner and director, registered in the state of Maryland.

15. Defendant Monte JM Koche d/b/a Choice Hotels International, owner and director, registered in the state of Maryland.

16. Defendant Liza Landsman d/b/a Choice Hotels International, owner and director, registered in the state of Maryland.

17. Defendant Patrick Pacious d/b/a Choice Hotels International, owner and director, registered in the state of Maryland.

18. Defendant Scott Arnold Renschler d/b/a Choice Hotels International, owner and director, registered in the state of Maryland.

19. Defendant Ervin R Shames d/b/a Choice Hotels International, owner and director, registered in the state of Maryland.

20. Defendant John P Tague d/b/a Choice Hotels International, owner and director, registered in the state of Maryland.

**Defendants have a sociopathic attitude towards the safety of their guests.**

21. On, or about, July 26, 2017 Defendants, with forethought and great malice, did heinously block 911 access, deny Plaintiff access to immediate, necessary medical emergency services and, with depraved indifference, did keep Plaintiff captive, against Plaintiff's will, inside a room on their premises.

22. On, or about, July 26, 2017 Plaintiff, after being injured on the premises of the Defendants property and while staying in a room of said property, attempted to call 911 for emergency medical treatment and the line was blocked for 911 calls.

**Defendants seem to get their hospitality skills from the Bates Motel.**

23. Plaintiff was able to get the front desk on the phone and requested that 911 be called and that Plaintiff be let out of the room, but was told that they do not have any such procedure or responsibility and hung up on Plaintiff.

24. This was an intentional act of cruelty upon the Plaintiff to keep Plaintiff from receiving necessary medical care, because Plaintiff was injured on their premises the day before.

25. As a result, Plaintiff was held captive inside Defendants premises, unable to stand, unable to move, unable to get necessary, emergency medical care and suffered great pain of body and mind.

**If Plaintiff had died, Defendants would never**

**have had to explain**

**why they blocked 911 and kept Plaintiff captive.**

26. Plaintiff contacted Defendants to discuss the serious jeopardy this could present for future guest's safety and lives, specifically women, children and the elderly.

27. Plaintiff was told by Defendants that "Guests safety is not our responsibility ".

28. Likelihood of Plaintiff succeeding on the merits of the case are indisputable as the evidence of illegal actions taken by Defendants, kidnapping, assault, Kari's Law and deliberately blocking 911 access, is beyond explanation.

29. There is an unquestioned threat every minute of every day, that Defendants are allowed to continue blocking 911 access and confining guests without their permission.

30. The balance of harm truly weighs heavily with Plaintiff, as unsuspecting citizens lives are put in danger every time they are allowed to stay with Defendants.

31. Nobody thought that a hotel could be so evil, until Kari Dunn was murdered in one while her daughter sat frantically dialing out for help, or until Plaintiff lay on the Defendants floor, in desperate need of medical care, while Defendants confined Plaintiff to her room and blocked all access to the outside world.

32. The public is in danger. Each moment wasted, puts another life in danger. What if it happened to someone you knew?

### Claim I

### Violation of Kari's Law Act of 2017

33. Pursuant to Kari's Law Act of 2017, the Defendants remain in violation by not having working telephones, in each and every one of their thousands of rooms, that has been configured to ensure the user reach a 911 operator, without assistance.

34. In 2013 Kari Dunn was being stabbed to death in her room, while her daughter was attempting to call 911, but the hotel had blocked outside calls. The child was also locked in that room, forced to do nothing, while her mother was viciously and repeatedly stabbed. There is no way to explain the kind of horror one feels when they are in mortal danger, but locked in a room, with no way out.

35. People's lives are in danger. What if a mother falls in the shower, bleeding from the head, and her child is too short to reach the lock, and the phone won't allow a 911 call, and the front desk tells them, "It's not our problem", exactly as they did with Plaintiff.

36. What the Defendants did to Plaintiff is *exactly* the reason Kari's Law was enacted.

37. The Defendants refuse to correct this issue, regardless of repeated demands by Plaintiff.

38. The Defendants have stated that "A safety policy is not going to happen. It's not our responsibility."

39. If only one citizen is in danger, then it behooves this court to take necessary precautions to save that citizen's life.

## Claim II

## Violations of 18 USC § 1201

40. Pursuant to 18 USC § 1201, which reads,

    *Kidnapping (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when-*

41. Defendants did illegally hold Plaintiff captive and confine Plaintiff within their premises, against Plaintiff's will.

42. Plaintiff called to be let out and was unlawfully, and against Plaintiff's will, held captive, confined within a locked room controlled by the Defendants, on their property.

43. The horror of already being in an extremely dangerous situation, which is the reason citizens call 911, and then to call the Defendants for help, only to be told, "Not our problem".

44. Plaintiff was too weak to pull herself up from the ground and too weak to pull herself up to unlock the thick, heavy latch on the very top of the door and Defendants knew this, but chose to keep Plaintiff captive within their premises,

alone, terrified and living a horror that no human being should ever have to endure, lying there, defenseless, vulnerable, trapped in a box and desperate.

45. When Plaintiff managed to survive the horrific night of illegal captivity, Plaintiff has since spent her time demanding that Defendants never put another human being through such traumatic events, however Defendants are taking expensive, extreme measures to ensure that they *do not* have to offer safety or protection to the citizens who stay with them.

46. Plaintiff has demanded that Defendants place a Safety Policy and Procedure in place for the safety and protection of naive citizens who believe the Defendants to be honorable businessmen, and stay with Defendants.

## Claim III

## Violations of 47 USC § 623

47. 47 USC § 623. *Configuration of multi-line telephone systems for direct dialing of 9–1–1.*

*(a) System manufacture, importation, sale, and lease*

   *A person engaged in the business of manufacturing, importing, selling,*
*or leasing multi-line telephone systems may not manufacture or import for*
*use in the United States, or sell or lease or offer to sell or lease in the*
*United States, a multi-line telephone system, unless such system is*
*pre-configured such that, when properly installed in accordance with*
*subsection (b), a user may directly initiate a call to 9–1–1 from any station*
*equipped with dialing facilities, without dialing any additional digit, code,*
*prefix, or post-fix, including any trunk-access code such as the digit "9",*
*regardless of whether the user is required to dial such a digit, code, prefix,*
*or post-fix for other calls.*

*(b) System installation, management, and operation A person engaged in the business*

*of installing, managing, or operating multi-line telephone systems may not install,*

*manage, or operate for use in the United States such a system, unless such system is*

*configured such that a user may directly initiate a call to 9–1–1 from any station*

*equipped with dialing facilities, without dialing any additional digit, code, prefix, or*

*post-fix, including any trunk-access code such as the digit "9", regardless of whether*

*the user is required to dial such a digit, code, prefix, or post-fix for other calls.*

48. The Defendants have not maintained emergency usage of the telephone lines

    within each and every room, and did put Plaintiff's life in mortal danger because

    of their lack of any form of safety policy or procedure.

49. On, or about, July 26, 2017, Plaintiff required emergency services while a guest

    of the Defendants establishment.

50. 911 was blocked.

51. Plaintiff was kept captive in the room and Defendants blocked all contact with

    the outside world.

## Claim IV

## Violations of 18 USC § 113

*52. 18 USC§113. Assaults within maritime and territorial jurisdiction*

*(a) Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:.*

*(1) Assault with intent to commit murder or a violation of section 2241 or 2242, by a fine under this title, imprisonment for not more than 20 years, or both.*

*(2) Assault with intent to commit any felony, except murder or a violation of section 2241 or 2242, by a fine under this title or imprisonment for not more than ten years, or both.*

*(3) Assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years, or both.*

*(4) Assault by striking, beating, or wounding, by a fine under this title or imprisonment for not more than 1 year, or both.*

*(5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.*

*(6) Assault resulting in serious bodily injury, by a fine under this title or imprisonment for not more than ten years, or both.*

*(7) Assault resulting in substantial bodily injury to a spouse or intimate partner, a dating partner, or an individual who has not attained the age of 16 years, by a fine under this title or imprisonment for not more than 5 years, or both.*

*(8) Assault of a spouse, intimate partner, or dating partner by strangling, suffocating, or attempting to strangle or suffocate, by a fine under this title, imprisonment for not more than 10 years, or both.*

*(b) Definitions.-In this section-*

*(1) the term "substantial bodily injury" means bodily injury which involves-*

*(A) a temporary but substantial disfigurement; or*

*(B) a temporary but substantial loss or impairment of the function of any bodily member, organ, or mental faculty;*

*(2) the term "serious bodily injury" has the meaning given that term in section 1365 of this title;*

*(3) the terms "dating partner" and "spouse or intimate partner" have the meanings [1] given those terms in section 2266*

53. Defendants own and operate hotels where unsuspecting, travelling citizens stop for the evening for a safe place to sleep. It's almost standard and necessary for citizens to pay for a hotel room when travelling.

54. It is not possible for travelling citizens to know, or even to know to check, whether or not the establishment is safe and up to code.

55. In 2013 Kari Dunn checked into a hotel with her daughter, believing, as we all do when we rent a hotel room, that we are much safer than if we were sleeping on a

park bench. Had Kari slept on a park bench instead, she might be alive today. Had Plaintiff slept on a park bench, she would have been much safer.

56. Plaintiff almost died in that room.

57. No one is safe if they stay with Defendants and it's not the place of this court to take risks with human life.

58. Until such a time as each and every phone, in each and every room, of each and every facility, is tested and certified as working, Defendants cannot be trusted to ensure the safety of helpless citizens staying in their establishments.

## Demand for Jury Trial

59. Plaintiff demands trial by jury.

## Reservation of Rights

60. Plaintiff reserves the right to further amend this complaint, upon completion of investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

## Prayer for Relief

WHEREFOR, PLAINTIFF, respectfully requests that this court enter a judgement,

1) Grant injunction to restrain and enjoin Defendants to do the following:

    i. Immediately cease and desist all booking, selling, rentals, stays of/in any and all rooms, of each and every establishment, until such a time as each and every phone, in each and every room, has certified outside access to 911,

    ii. Test each and every phone, in each and every room, of each and every establishment for outside 911 access,

iii. Certify that each and every phone, in each and every room, of each and every establishment has outside 911 access,

iv. Construct a safety and security policy that ensures the safety and security of all Defendant's guests,

2) Require Defendants to pay aggravated damages in the amount of $20,000,000,

3) Require Defendants to pay special and general damages,

4) Require Defendants to pay all legal fees and costs,

5) Require Defendants to pay punitive damages for egregious behavior,

6) Grant any other such relief as this court may deem just and appropriate.

Respectfully submitted,                              This 18th day of October, 2018.

Michele Bryce
PO Box 1135
Beaverton, OR 97075
(727) 512-3235
msbryce@solution4u.com