IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MICHELE BRYCE**,

        Plaintiff,

   v.

**CHOICE HOTELS INERNATIONAL, BAMCO, INC., BARON CAPITAL GROUP, INC, BARON CAPITAL MNGT, INC., SUNBURST HOSPITALITY CORPORATION, BARBARA T. ALEXANDER, BARBARA J BAINUM, STEWART BAINUM, JR, RONALD STEPHEN BARON, WILLIAM L. JEWS, MONTE JM KOCHE, LIZA LANDSMAN, PATRICK PACIOUS, SCOTT ARNOLD RENSCHLER, ERVIN R SHAMES,** and **JOHN P TAGUE**,

        Defendants.

No. 3:18-cv-01852-MO

OPINION AND ORDER

**MOSMAN, J.**,

    This matter comes before me on Defendant Choice Hotels International's Motion to Dismiss or Transfer Venue [37]. For the following reasons, I GRANT Defendant's Motion to Dismiss or Transfer Venue [37] and dismiss the Complaint [2] without prejudice.

## BACKGROUND

Plaintiff Michele Bryce is a resident of Oregon. Defendant Choice Hotels is a Delaware corporation with its principal place of business in Maryland. The remaining Defendants are alleged to reside in Maryland or New York. In her Motion for Immediate Preliminary Injunction [36], Plaintiff alleges that the events in question took place in Tucker, Georgia. Defendant Choice Hotels subsequently filed a Motion to Dismiss or Transfer Venue [37], claiming that venue was improper. Also pending before me are Plaintiff's Motion for Preliminary Injunction [36], Plaintiff's Motion to Compel [40], Plaintiff's Motion to Amend/Correct Motion to Compel [42], and Defendant's Motion for Leave to File Response to Plaintiff's Request for Injunctive Relief and for Stay of Proceedings Until Defendant's Motion to Dismiss is Decided [47].

## LEGAL STANDARD

28 U.S.C. § 1406(a) provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Parties may move to dismiss an action for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. 28 U.S.C. § 1391(b) defines when venue is proper. 28 U.S.C. § 1391(b) allows a plaintiff to bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which
any defendant is subject to the court's personal jurisdiction with
respect to such action.

Courts should look to the categories of § 1391(b) to determine if venue that has been challenged is proper. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.*, 571 U.S. 49, 55–56 (2013). If the case falls into one of the three categories of § 1391(b), venue is proper. *Id*. at 56. If the case does not fall into one of the three categories, "venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id*.

## DISCUSSION

Defendant Choice Hotels has challenged venue through a 12(b)(3) motion. Therefore I must look § 1391(b) to determine if the action at hand falls into any of the three categories.

Under § 1391(b)(1), venue is proper if any of the defendants reside in Oregon and all defendants are residents of the state in which this district is located. Here, none of the alleged defendants are residents of Oregon, therefore venue is not proper under § 1391(b)(1). Under § 1391(b)(2), venue is proper if a substantial part of the events or omissions giving rise to the claim occurred in the district. Here, the events and omissions giving rise to the claim are alleged to have occurred in Tucker, Georgia. None of the alleged events or omissions occurred within Oregon, therefore venue is not proper under § 1391(b)(2). Finally, under § 1391(b)(3), if no district exists in which an action may be brought, venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction. Because venue would be proper in the Northern District of Georgia under § 1391(b)(2), as a substantial part of the events alleged by Plaintiff occurred there, venue is not proper under § 1391(b)(3).

## CONCLUSION

For the reasons stated above, I find that venue is improper in the District of Oregon. Defendant's Motion to Dismiss is GRANTED and this action is dismissed without prejudice. All other pending Motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this  8th  day of January, 2019.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Chief United States District Judge